UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRI HILL, JANE COLLETT, MARY MCCARTY, JAMES SINES, SHERRY WHITESIDE, JACQUELINE MOORE, and JAMES CALDWELL,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>ELI LILLY AND COMPANY,<br>    *Defendant.* | 1:15-cv-00141-JMS-DKL |

## ORDER TO FILE AMENDED COMPLAINT

On February 2, 2015, Plaintiffs Terri Hill, Jane Collett, Mary McCarty, James Sines, Sherry Whiteside, Jacqueline Moore, and James Caldwell filed a Complaint against Defendant Eli Lilly and Company ("Eli Lilly"), alleging that this Court has diversity jurisdiction over their action. [Filing No. 1 at 2-3.] For several reasons, Plaintiffs' allegations are inadequate to establish diversity jurisdiction.

First, while Plaintiffs properly allege their own respective citizenships, they allege only that Eli Lilly is "an Indiana corporation with its headquarters in Indianapolis, Indiana." [Filing No. 1 at 2.] A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). The "nerve center" test determines a corporation's principal place of business and, while a corporation's "headquarters" may also be the location of its principal place of business, that may not always be the case. Plaintiffs must allege where Eli Lilly is incorporated and has its principal place of business so that the Court can determine whether it has diversity jurisdiction over this matter.

Second, Plaintiffs allege that the amount in controversy "exceeds $75,000.00." [Filing No. 1 at 3.]  But this allegation in insufficient as well because: (a) the amount in controversy must exceed $75,000 "exclusive of interest and costs," 28 U.S.C. § 1332; and (b) the amount in controversy requirement must be met for each plaintiff, *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).  Plaintiffs' amount in controversy allegation does not provide enough information for the Court to determine whether diversity jurisdiction exists for each plaintiff.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Plaintiffs to file an Amended Complaint by **March 24, 2015**, properly alleging the basis for this Court's jurisdiction.  Eli Lilly need not answer the Complaint, and its' time to answer will run from when it is served with Plaintiffs' Amended Complaint.

March 10, 2015

                              Hon. Jane Magnus-Stinson, Judge
                              United States District Court
                              Southern District of Indiana

**Distribution via ECF only to all counsel of record**