# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **TERRI HILL; JANE COLLETT; MARY McCARTY; JAMES SINES; SHERRY WHITESIDE; and JACQUELINE MOORE,** ) ) ) ) | |
| **Plaintiffs,** ) | **CAUSE NO. 1:15-CV-0141 JMS-DKL** |
| ) | |
| **ELI LILLY AND COMPANY,** ) ) | |
| **Defendant.** ) | |

## AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Eli Lilly and Company ("Lilly"), by and through its undersigned attorney, hereby files its Answer and Defenses to Plaintiffs' Second Amended Complaint.

## INTRODUCTION

1.     Lilly admits that it manufactures, markets, and sells Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions and other labeled risks and benefits of the medications.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in INTRODUCTION Paragraph 1 and therefore denies the same.

## PARTIES

1.     Lilly admits the allegations in Paragraph 1.

2.     Lilly admits the allegations in Paragraph 2.

3.     Lilly admits the allegations in Paragraph 3.

4.     Lilly admits the allegations in Paragraph 4.

5.     Lilly admits the allegations in Paragraph 5.

6.     Lilly admits the allegations in Paragraph 6.

7.      Lilly admits that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana.   Lilly also admits that it is engaged in the business of research, development, testing, manufacturing, producing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.  Lilly denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      Lilly admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Lilly.  Lilly admits that each Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, but denies that any Plaintiff is entitled to damages in any amount.

9.      Lilly admits that it is authorized to conduct business and does conduct business in Indiana.  Lilly denies the remaining allegations in Paragraph 9 on the basis that they purport to allege conclusions of law and thus do not require a response.

10.     Paragraph 10 of the Second Amended Complaint purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

11.     Paragraph 11 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

## FACTUAL ALLEGATIONS

12.     Paragraph 12 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

13.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information.  Lilly admits that the United States Food and Drug Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication

for the treatment of Major Depressive Disorder ("MDD").  Lilly admits that Prozac®'s patent expired in August 2001.  Allegations pertaining to SSRIs as a class of antidepressants are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 13.

14.     Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor ("SNRI").  Allegations pertaining to statements made about SNRIs are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 14.

15.     Lilly denies the allegations in Paragraph 15.

16.     Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of Major Depressive Disorder ("MDD").  Lilly further admits that the FDA approved Cymbalta® for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008.  Lilly denies the remaining factual allegations in Paragraph 16.

17.     Lilly admits that the FDA approved Cymbalta® in 2004.  Lilly also admits that it researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly further admits that it promoted Cymbalta® to prescribers through its sales representatives.  The allegations pertaining to the promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 17.

18.     Lilly denies the allegations in Paragraph 18.

19.     Lilly admits that the half-life of a drug is the time it takes for the concentration of the drug in the body to be reduced by one-half.  Lilly further admits that, since 2004, the Cymbalta label has stated that the half-life of Cymbalta is approximately 12 hours.  Lilly denies the remaining allegations in Paragraph 19.

20.     Lilly admits that Paragraph 20 contains an accurate partial quotation from the 2004 Cymbalta label.  Lilly denies the remaining allegations in Paragraph 20 as characterized by Plaintiffs.

21.     Lilly denies the allegations in Paragraph 21.

22.     Lilly denies the allegations in Paragraph 22.

23.     Lilly admits that the risk of discontinuation symptoms from antidepressant therapy was a well understood clinical phenomenon for decades prior to Cymbalta's approval and that the need for tapering off of antidepressant therapy was also well understood.  Lilly denies the remaining allegations in Paragraph 23.

24.     Lilly denies the allegations in Paragraph 24.  Answering further, Lilly notes that the cited articles speak for themselves.

25.     Lilly denies the allegations in Paragraph 25.  Answering further, Lilly notes that the cited materials speak for themselves.

26.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004.  Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

> Discontinuation symptoms have been systematically evaluated in patients taking duloxetine.  Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue.  During marketing of other SSRIs and SNRIs (serotonin and norepinephrine reuptake inhibitors), there have been spontaneous reports of adverse events occurring upon discontinuation of these drugs, particularly when abrupt, including the following: dysphoric mood, irritability, agitation, dizziness, sensory disturbances (e.g., paresthesias such as electric shock sensations), anxiety, confusion, headache, lethargy, emotional lability, insomnia, hypomania, tinnitus, and seizures.  Although these events are generally self-limiting, some have been reported to be severe.
>
> Patients should be monitored for these symptoms when discontinuing treatment with Cymbalta®.  A gradual reduction in

> the dose rather than abrupt cessation is recommended whenever possible. If intolerable symptoms occur following a decrease in the dose or upon discontinuation of treatment, then resuming the previously prescribed dose may be considered. Subsequently, the physician may continue decreasing the dose but at a more gradual rate . . . .

Paragraph 26 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

27.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004. Lilly admits that the Cymbalta® label contains the warning detailed in Paragraph 26, above. Paragraph 27 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the remaining allegations.

28.     The article cited speaks for itself, and Lilly denies any inaccurate characterization or interpretation of the article to which Plaintiffs refer in Paragraph 28 of the Second Amended Complaint when read in context and in its entirety. Lilly denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 29.

30.     Lilly denies the allegations in Paragraph 30.

31.     Lilly admits that Cymbalta is designed as delayed-release capsules at dosages of 20 mg, 30 mg, and 60 mg. Lilly further admits that Cymbalta should be swallowed whole. Lilly denies the remaining allegations in Paragraph 31.

32.     Lilly denies the allegations in Paragraph 32.

33.     The allegations pertaining to the sales and profitability of Cymbalta are vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations. Paragraph 33 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta. Lilly denies any remaining allegations in Paragraph 33.

34.     Lilly denies the allegations in Paragraph 34.

35.     Lilly denies the allegations in Paragraph 35.

36.     Paragraph 36 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 relating to Plaintiffs' use of Cymbalta and therefore denies the same.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

37.     Lilly incorporates by reference, as if fully set forth herein, its answers to all other paragraphs of Plaintiffs' Second Amended Complaint.

38.     Lilly denies the allegations in Paragraph 38, including all subparts, and further denies that Plaintiffs are entitled to any damages or other recovery in this case.

## I.     PLAINTIFF TERRI HILL

39.     Lilly denies the allegations in Paragraph 39.

40.     Paragraph 40 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 40 relating to Plaintiff Terri Hill's use of Cymbalta and therefore denies the same.

41.     Paragraph 41 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 41 relating to Plaintiff Terri Hill's use of Cymbalta and therefore denies the same.

42.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 42 relating to Plaintiff Terri Hill's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 42.

43. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 43 relating to Plaintiff Terri Hill's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 43.

44. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 44 relating to Plaintiff Terri Hill's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 44.

45. Lilly denies the allegations in Paragraph 45.

46. Lilly denies the allegations in Paragraph 46 and further denies that Plaintiff Terri Hill is entitled to any damages from Lilly.

## II.     PLAINTIFF JANE COLLETT

47. Lilly denies the allegations in Paragraph 47.

48. Paragraph 48 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 48 relating to Plaintiff Jane Collett's use of Cymbalta and therefore denies the same.

49. Paragraph 49 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 49 relating to Plaintiff Jane Collett's use of Cymbalta and therefore denies the same.

50. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 50 relating to Plaintiff Jane Collett's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 50.

51. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51 relating to Plaintiff Jane Collett's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations in Paragraph 51.

52.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 52 relating to Plaintiff Jane Collett's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations in Paragraph 52.

53.     Lilly denies the allegations in Paragraph 53.

54.     Lilly denies the allegations in Paragraph 54 and further denies that Plaintiff Jane Collett is entitled to any damages from Lilly.

### III.     PLAINTIFF MARY MCCARTY

55.     Lilly denies the allegations in Paragraph 55.

56.     Paragraph 56 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 56 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same.

57.     Paragraph 57 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 57 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same.

58.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 58 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 58.

59.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 59 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 59.

60.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 60 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 60.

61.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 61 relating to Plaintiff Mary McCarty's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 61.

62.     Lilly denies the allegations in Paragraph 62.

63.     Lilly denies the allegations in Paragraph 63 and further denies that Plaintiff Mary McCarty is entitled to any damages from Lilly.

### IV.     PLAINTIFF JAMES SINES

64.     Lilly denies the allegations in Paragraph 64.

65.     Paragraph 65 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 65 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same.

66.     Paragraph 66 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 66 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same.

67.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 67 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 67.

68.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 68 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 68.

69.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same.  Lilly denies all remaining allegations of Paragraph 69.

70.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 70 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 70.

71.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 71 relating to Plaintiff James Sines' use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 71.

72.     Lilly denies the allegations in Paragraph 72.

73.     Lilly denies the allegations in Paragraph 73 and further denies that Plaintiff James Sines is entitled to any damages from Lilly.

### V.     PLAINTIFF SHERRY WHITESIDE

74.     Lilly denies the allegations in Paragraph 74.

75.     Paragraph 75 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 75 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same.

76.     Paragraph 76 purports to allege conclusions of law and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 76 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same.

77.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 77 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 77.

78.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 78 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 78.

79. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 79 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 79.

80. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 80 relating to Plaintiff Sherry Whiteside's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 80.

81. Lilly denies the allegations in Paragraph 81.

82. Lilly denies the allegations in Paragraph 82 and further denies that Plaintiff Sherry Whiteside is entitled to any damages from Lilly.

## VI. PLAINTIFF JACQUELINE MOORE

83. Lilly denies the allegations in Paragraph 83.

84. Paragraph 84 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 84 relating to Plaintiff Jacqueline Moore's use of Cymbalta and therefore denies the same.

85. Paragraph 85 purports to allege conclusions of law and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 85 relating to Plaintiff Jacqueline Moore's use of Cymbalta and therefore denies the same.

86. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 86 relating to Plaintiff Jacqueline Moore's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 86.

87. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 87 relating to Plaintiff Jacqueline Moore's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 87.

88. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 88 relating to Plaintiff Jacqueline Moore's use of Cymbalta and therefore denies the same. Lilly denies all remaining allegations of Paragraph 88.

89. Lilly denies the allegations in Paragraph 89.

90. Lilly denies the allegations in Paragraph 90 and further denies that Plaintiff Jacqueline Moore is entitled to any damages from Lilly.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

91. Lilly reincorporates and realleges its Responses to all paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

92. Paragraph 92 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies it had a duty to warn consumers directly of alleged risks associated with the use of Cymbalta.

93. Paragraph 93 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies the remaining factual allegations in Paragraph 93, including subparts a through l.

94. Paragraph 94 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly further denies the remaining factual allegations in Paragraph 94.

95. Lilly denies the allegations in Paragraph 95. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 95 relating to Plaintiffs' alleged injuries and therefore denies the same.

96. Paragraph 96 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 96 relating to Plaintiffs' alleged injuries and therefore denies the same.

97.     Lilly denies the allegations in Paragraph 97, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 97.  Lilly denies that Plaintiffs are entitled to any such relief.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY – DESIGN DEFECT**

98.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

99.     Lilly admits that it has sold Cymbalta in South Carolina, Alabama, Florida, Kentucky, Idaho, Tennessee and Texas.  Paragraph 99 is vague and ambiguous as to time and on that basis, Lilly denies the remaining allegations in Paragraph 99.

100.     Lilly admits that it researched, tested, developed, manufactured, labeled, marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  The remaining allegations pertaining to Lilly's "product" are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and legal conclusions in Paragraph 100 relating to Plaintiffs' alleged injuries from Cymbalta and therefore denies the same.  Lilly denies the remaining allegations in Paragraph 100.

101.     Lilly denies the allegations in Paragraph 101.

102.     Lilly denies the allegations in Paragraph 102.

103.     Lilly denies the allegations in Paragraph 103.

104.     Paragraph 104 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, the allegations in Paragraph 104 are vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations in Paragraph 104.

105.     Paragraph 105 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 105 relating to Plaintiffs' alleged injuries and therefore denies the same.

106.     Lilly denies the allegations in Paragraph 106, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 106.  Lilly denies that Plaintiffs are entitled to any such relief.

## THIRD CAUSE OF ACTION:  STRICT PRODUCT LIABILITY

## FAILURE TO WARN

107.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

108.     Lilly admits that it researched, tested, developed, manufactured, labeled, distributed, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.    Lilly further admits that it has utilized direct-to-consumer advertising for Cymbalta®, in conformity with applicable rules and regulations.  Lilly objects to the term "persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation.  Paragraph 108 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 108.

109.     Paragraph 109 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

110.     Plaintiffs' allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation.  Lilly denies the remaining allegations in Paragraph 110.

111.     Lilly denies the allegations in Paragraph 111.

112. Paragraph 112 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 112.

113. Paragraph 113 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 113.

114. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 114 relating to Plaintiffs' alleged use of Cymbalta® and therefore denies the same.

115. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to Plaintiffs or Plaintiffs' physicians' ability to discover any alleged "defect in the drug" and therefore denies the same. Lilly denies any remaining allegations in Paragraph 115.

116. Lilly admits that it is engaged in the business of researching, developing, testing, manufacturing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®. Paragraph 116 purports to allege conclusions of law that do not require a response and on that basis, Lilly denies the allegations. Lilly denies the remaining factual allegations in Paragraph 116.

117. Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 117 relating to Plaintiffs' knowledge and therefore denies the same. Lilly denies the remaining allegations in Paragraph 117.

118. Paragraph 118 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining factual allegations in Paragraph 118.

119. Lilly denies the allegations in Paragraph 119.

120. Lilly denies the allegations in Paragraph 120.

121.     Paragraph 121 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 121 relating to Plaintiffs' alleged injuries and therefore denies the same.

122.     Lilly denies the allegations in Paragraph 122, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 122.  Lilly denies that Plaintiffs are entitled to any such relief.

## FOURTH  CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

123.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

124.     Paragraph 124 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

125.     Lilly denies the allegations in Paragraph 125.

126.     Paragraph 126 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations of Paragraph 126.

127.     Lilly denies the allegations in Paragraph 127.

128.     Lilly denies the allegations in Paragraph 128.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 128 relating to Plaintiffs and/or their physicians' alleged actions, knowledge, beliefs, and injuries and therefore denies the same.

129.     Paragraph 129 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 129 and therefore denies the same.

130. Paragraph 130 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 130 relating to Plaintiffs' alleged injuries and therefore denies the same.

131. Lilly denies the allegations in Paragraph 131, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 131. Lilly denies that Plaintiffs are entitled to any such relief.

## FIFTH CAUSE OF ACTION

## FRAUD

132. Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

133. Paragraph 133 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Answering further, Lilly notes that the text of *Wyeth v. Levine*, 555 U.S. 555, 571 (2009), speaks for itself.

134. Lilly denies the allegations in Paragraph 134.

135. Lilly denies the allegations in Paragraph 135.

136. Lilly denies the allegations in Paragraph 136, including subparts (a) - (i).

137. Lilly denies the allegations in Paragraph 137.

138. Paragraph 138 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 138 and therefore, denies the same.

139. Paragraph 139 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 139 and therefore denies the same.

140. Lilly denies the allegations in Paragraph 140.

141.     Paragraph 141 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

142.     Lilly denies the allegations in Paragraph 142.

143.     Paragraph 143 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining allegations in Paragraph 143.

144.     Paragraph 144 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 148, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 144.  Lilly denies that Plaintiffs are entitled to any such relief.

145.     Paragraph 145 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 145 relating to Plaintiffs' alleged injuries and therefore denies the same.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

146.     Lilly reincorporates and realleges its Responses to all other paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

147.     Lilly denies the allegations in Paragraph 147.

148.     Paragraph 148 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 148 relating to Plaintiffs' alleged injuries or Plaintiffs' alleged "discontinuation" of Cymbalta® and therefore denies the same.

149.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 149 and therefore denies the same.

150.     Paragraph 150 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

151.     Paragraph 151 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 151 relating to Plaintiffs' injuries and therefore denies the same.

152.     Paragraph 152 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 152 relating to Plaintiffs' alleged injuries and therefore denies the same.

153.     Lilly denies the allegations in Paragraph 153, except that Lilly admits only that Plaintiffs seek the relief set forth in Paragraph 153.  Lilly denies that Plaintiffs are entitled to any such relief.

## PRAYER FOR RELIEF

154.     Lilly denies the allegations in this section of Plaintiffs' Second Amended Complaint, except that Lilly admits only that Plaintiffs seek the relief set forth in this section. Lilly denies that Plaintiffs are entitled to any relief whatsoever.

155.     Lilly denies each and every allegation in Plaintiffs' Second Amended Complaint not specifically admitted herein.

## DEMAND FOR JURY TRIAL

This section of Plaintiffs' Second Amended Complaint does not assert any allegation requiring a response.  To the extent a response is deemed necessary, Lilly admits that Plaintiffs request a trial by jury.

## GENERAL DENIAL AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter.  Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly

may withdraw any of these defenses as may be appropriate.  Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Lilly states the following:

## FIRST DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Each and every claim asserted or raised in the Second Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

## FIFTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH DEFENSE

To the extent that Plaintiffs asserts claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

## EIGHTH DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of the doctrine of comparative fault. Lilly invokes the provisions of the state law applicable to Plaintiffs' claims in the unlikely event that liability is established by Plaintiffs in this case.

## NINTH DEFENSE

If Plaintiffs has sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses were only sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

## TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

## ELEVENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Cymbalta®.

## TWELFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Second Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely on any act, omission, or representation made by Lilly.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Second Amended Complaint, such an award would, if granted, violate Lilly's state and federal rights.

## SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## SEVENTEENTH DEFENSE

Plaintiffs have not suffered any actual injury or damages.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

**TWENTY-SECOND DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®.  Plaintiffs' causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

**TWENTY-FIFTH DEFENSE**

With respect to each and every cause of action, Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

**TWENTY-SIXTH DEFENSE**

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

**TWENTY-SEVENTH DEFENSE**

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the Constitution of the United States and the

Constitutions of the States of South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana.

## TWENTY-EIGHTH DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiffs.

## THIRTIETH DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

## THIRTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims against Lilly are barred because Plaintiffs' treating physicians fully informed Plaintiffs of the risks associated with the use of Cymbalta. Any informed consent and/or release given by Plaintiffs is pleaded as an affirmative defense.

### THIRTY-FOURTH DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2000).

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the state law applicable to Plaintiffs' claims.

### THIRTY-SIXTH DEFENSE

Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. Specifically, Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' damages claims are barred by the economic loss doctrine.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims of fraud are barred by reason of the Second Amended Complaint's failure to allege the factual circumstances constituting the alleged fraud with particularity.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred because Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

### FORTIETH DEFENSE

Plaintiffs' claims may be barred by failure to join indispensable parties.

## FORTY-FIRST DEFENSE

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's Second Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

## FORTY-SECOND DEFENSE

To the extent Plaintiffs assert demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

## FORTY-THIRD DEFENSE

Any claim for punitive damages is limited by the law of the state applicable to Plaintiffs' claims.

## FORTY-FOURTH DEFENSE

To the extent that Plaintiffs assert a claim for punitive damages, that claim is in contravention of the rights of Lilly under the following constitutional provisions:

a.  Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana Constitutions, on grounds including the following:

   i.  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous

provisions of the South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana Constitutions;

ii. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana Constitutions;

iii. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana Constitutions;

iv. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the South Carolina, Kentucky, Texas, Alabama, Florida, Tennessee, Idaho and Indiana Constitutions;

v. the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

vi. the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**FORTY-FIFTH DEFENSE**

The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to the state law applicable to Plaintiffs' claims.

**FORTY-SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

Inasmuch as the Second Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

**ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
UNDER ALABAMA LAW**

In addition to the general Affirmative and Other Defenses stated above, to the extent Alabama state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Some or all of the injuries alleged in the Second Amended Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course

of those conditions, by an idiosyncratic reaction, operation of nature, or act of God, for which Lilly is not responsible.

2.      Plaintiffs' claims for punitive damages are barred by § 6-11-20 and § 6-11-27 of the Alabama Code.

3.      Lilly affirmatively pleads the protections afforded it by § 6-11-21 of the Alabama Code.

4.      Some or all of the Plaintiffs' medical expenses have been paid by Plaintiffs' medical insurance carrier, or some other form of insurance, and Plaintiffs are not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama Code.

5.      Punitive damages awards in Alabama are not governed by any specific or adequate standards, are not based on rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitutions, as well as those of Article I, Sections 1, 6, and 15 of the Alabama Constitution. Therefore, Plaintiffs cannot recover punitive damages.

### ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES UNDER FLORIDA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Florida state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Should Lilly be held liable to Plaintiffs, which liability is specifically denied, such liability is several, rather than joint, and should be prorated. Lilly further pleads the benefits of Fla. Stat. §§ 768.31 and 768.81.

2.      Lilly fully asserts the benefits of Fla. Stat. § 768.1256 and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

3.      Any claim for punitive damages is limited by Fla. Stat. § 768.725 which requires proof by clear and convincing evidence of entitlement to punitive damages.

4.      Any claim for punitive damages is limited by Fla. Stat. § 768.73 to three times the amount of compensatory damages awarded to each claimant or $500,000.00, whichever is greater. Lilly asserts all other defenses and limitations on punitive damages contained in Fla. Stat. § 768.73.

5.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to *W.R. Grace & Co.–Conn. v. Waters*, 638 So. 2d 502, 506 (Fla. 1994)

6.      Plaintiffs' claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes Fla. Stat. § 768.1257 and all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiffs may have been owed.

7.      Should Lilly be held liable to Plaintiffs, which liability is specifically denied, Lilly would be entitled to a set off for the total of all amounts paid to Plaintiffs from all collateral sources. Lilly further pleads the benefits of Fla. Stat. § 768.76.

8.    Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *Allied-Signal, Inc. v. Fox*, 623 So. 2d 1180 (Fla. 1993), and *Messmer v. Teachers' Ins. Co.*, 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants, including, but not limited to, any additional entities or persons revealed through discovery. Lilly specifically reserves the right to amend this Answer to identify any such parties or non-parties and to have such parties or non-parties included on the verdict form pursuant to *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262 (Fla. 1996).

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER IDAHO LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Idaho state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.    Lilly is entitled to the protections, presumptions and limitations of the Idaho Product Liability Reform Act. Idaho Code Ann. §§ 6-1401-1 to 6-1410.

2.    Plaintiffs' claims are barred in whole or in part by their comparative fault in accordance with Idaho Code Ann. §§ 6-801 *et seq.* and 6-1404.

3.    Plaintiffs' claims for negligent misrepresentation are barred because Idaho does not recognize a cause of action for negligent misrepresentation as alleged in Plaintiffs' Second Amended Complaint.

4.    Any claim for punitive damages is limited by Idaho Code Ann. § 6-1604 which requires proof by "clear and convincing evidence."

5.    Lilly is entitled to the protections and limitations of Idaho Code Ann. § 6-1604 concerning limitation on punitive damages.

6.     Lilly is entitled to the protections and limitations of Idaho Code Ann. § 6-1603 concerning limitation on noneconomic damages.

7.     Lilly is entitled to the protections and limitations of Idaho Code Ann. § 28-22-104 concerning pre- and post-judgment interest.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER INDIANA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Indiana state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.     Any claim for punitive damages against Lilly in this case is subject to all limitations on and procedures governing such awards, including but not limited to those provided in Ind. Code § 34-51-3-1, et seq., and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

2.     Pursuant to Indiana Code § 34-51-2-14, et seq., Plaintiffs' damages, if any, were caused in full or in part by non-parties to this litigation whose identity or identities are not presently known.   Because discovery has not yet been undertaken, Lilly has not had the opportunity to discover the identity of any potential non-parties and is thus unable to state whether there are persons that should be named as non-parties.  Lilly reserves the right to name any such non-parties upon discovery of the identity of any potential non-parties.

3.     Lilly is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Indiana and any other state whose law is deemed to apply in this case, including but not limited to the Indiana Product Liability Act, Indiana Code § 34-20-1-1, et seq.

4.     Plaintiffs failed to exercise ordinary care on their own behalf for their own safety which caused or contributed to the alleged injury or damage, if any.  Consequently, Plaintiffs'

right to recover should be diminished and/or barred by that proportionate share of fault in accordance with the provisions of Ind. Code § 34-20-8-1 and § 34-51-2-1, et seq.

5.     Plaintiffs' claims are subject to all procedures, limitations and restrictions contained in the Indiana Comparative Fault Act, Ind. Code § 34-51-2-1, et seq.

<u>ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES</u>
<u>UNDER KENTUCKY LAW</u>

In addition to the general Affirmative and Other Defenses stated above, to the extent Kentucky state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.     Lilly affirmatively states and alleges that Lilly is entitled to the benefit of the presumption that the product at issue is not defective under Ky. Rev. Stat. § 411.310(2) because the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured.

2.     Lilly affirmatively states and alleges that Lilly is or may be entitled to the benefit of the presumption that the product at issue was not defective under Ky. Rev. Stat. § 411.310(1) to the extent that injury, if any, occurred more than five years after the date of sale or more than eight years after the date of manufacture.

3.     Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that is not specifically instructed on the limits of punitive damages imposed and provided a sufficient clarity for determining such an award, not subject to judicial review on the basis of an objective standard, would violate due process and the equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the double jeopardy clause of the Fifth

Amendment as incorporated into the Fourteenth Amendment of the United States Constitution by Sections Two, Three, Thirteen and Seventeen of the Constitution of the Commonwealth of Kentucky.

4.      Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages are in violation of and are barred by the equal protection clause of Sections 2 and 3, et seq., of the Constitution of Kentucky.

5.      Lilly affirmatively states and alleges that Plaintiffs' claims for punitive damages are unconstitutional and violate Lilly's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Section 17 of the Constitution of the Commonwealth of Kentucky.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER SOUTH CAROLINA LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent South Carolina state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      In the event Plaintiffs have sustained damages as alleged in the Second Amended Complaint, which Lilly denies, discovery or investigation may reveal that Plaintiffs' claims are reduced, in whole or in part, by the doctrine of comparative negligence under S.C. Code § 15-38-10 *et seq.* and responsibility will be proportioned accordingly.

2.      Plaintiffs' warranty claims are barred due to (1) lack of privity between Plaintiffs and Lilly; (2) Plaintiffs' failure to give timely notice to Lilly as to any alleged breach of warranty; (3) Plaintiffs' failure to satisfy all conditions precedent or subsequent to the enforcement of any such alleged warranty; and/or (4) the fact that any such alleged warranty was

appropriately disclaimed, excluded or modified. Lilly did not make or breach any warranties applicable to Plaintiffs. Plaintiffs did not rely on any such warranties. Lilly further specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future under South Carolina law, and any other state's law that is deemed applicable in this case.

3.      In the event Plaintiffs have sustained damages as alleged in the Second Amended Complaint, which Lilly denies, discovery or investigation may reveal that Lilly's damages are reduced, in whole or in part, by the doctrine of contribution under S.C. Code § 15-38-10 *et seq.*

4.      Lilly is entitled to the protections and limitations afforded under S.C. Code Ann. § 15-32- 510, *et seq.*

5.      The claims asserted in Plaintiffs' Second Amended Complaint for punitive damages founded on strict liability or breach of warranty are barred because South Carolina forbids the award of such damages.

## <u>ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES<br>UNDER TENNESSEE LAW</u>

In addition to the general Affirmative and Other Defenses stated above, to the extent Tennessee state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.      Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in Tenn. Code Ann. § 47-14-121, *et seq.*

2.      Lilly fully asserts all provisions of the Tennessee Products Liability Act, Tenn. Code Ann. § 29-28-101, *et seq.* and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable

to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

3.        Any claim for punitive damages is limited by Tenn. Code Ann. § 29-39-104 which requires proof by "clear and convincing evidence." Lilly asserts all other defenses and limitations on punitive damages contained in Tenn. Code Ann. § 29-39-104.

4.        The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to Tenn. Code Ann. § 29-39-104.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES
## UNDER TEXAS LAW

In addition to the general Affirmative and Other Defenses stated above, to the extent Texas state law is applicable to Plaintiffs' Second Amended Complaint, Lilly asserts the following additional affirmative and other defenses:

1.        Any liability that might otherwise be imposed upon this Defendant is subject to reduction by application of the doctrine of comparative fault. Lilly invokes the provisions of Section 33.001 and Section 33.013 of the Texas Civil Practice and Remedies Code in the unlikely event that liability is established by Plaintiffs in this case.

2.        Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the following:

     (a)        Art. 5069-1.05 § 6, TEX. R. CIV. STAT.;

     (b)        Chapter 304, TEXAS FINANCE CODE; and

     (c)        Chapter 41, TEX. CIV. PRAC. & REM. CODE.

3.        Any recovery by Plaintiffs for medical or healthcare expenses should be limited to the amount actually paid or incurred. TEX. CIV. PRAC. & REM. CODE § 41.0105. Specifically,

Plaintiffs are not entitled to an award of damages for medical bills for which no obligation to pay exists and/or ever existed.

4.      Lilly fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that Cymbalta® complied with mandatory safety standards or regulations adopted and promulgated by the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

5.      Any claim for punitive damages is limited by § 41.003 of the Texas Civil Practice and Remedies Code which requires proof by "clear and convincing evidence."

6.      Any claim for punitive damages is limited by § 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of economic damages, plus an amount equal to noneconomic damages, not to exceed $750,000.00, or $200,000.00, whichever is greater. Lilly asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

7.      The determination of the amount of punitive damages, if any, should be bifurcated from the remaining issues pursuant to § 41.009 of the Texas Civil Practice and Remedies Code and *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

WHEREFORE, Lilly respectfully demands judgment dismissing the Second Amended Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

## JURY DEMAND

Lilly demands a trial by jury as to all issues triable.

Dated:  July 31, 2015.

Respectfully submitted,

ICE MILLER LLP

*s/ Nancy Menard Riddle*
Nancy Menard Riddle, #15075-49
Phone: 317-236-2189
Fax:  317-592-4740
Email:  Nancy.Riddle@icemiller.com
Mary Nold Larimore, #9877-49
Phone:  317-236-2407
Fax:  317-592-4688
Email:  Larimore@icemiller.com
One American Square, Suite 2900
Indianapolis, IN  46282-0200

Michael X. Imbroscio
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington D.C. 20001-4956
Phone: (202) 662-5694
Fax: (202) 778-5868
Email: mimbroscio@cov.com

*Counsel for Defendant Eli Lilly and Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Diane Marger Moore                          Robert Brent Wisner
dmargermoore@baumhedlundlaw.com             rbwisner@baumhedlundlaw.com


/s/ *Nancy Menard Riddle*
Nancy Menard Riddle

I\5570730.1